GRIFFITH v. ALOIS AUFRICHTIG COPPER & SHEET IRON MFG. CO.

(District Court, N. D. New York. March 25, 1919.)

1. ATTACHMENT ⬤250—VACATION—DISPOSITION OF MOTION.

The term at which the case can be tried being but a few days distant, motion to vacate the attachment, on the ground that plaintiff's papers fail to show how he has sustained damages, will be denied for the time; the affidavit for the attachment giving information of the nature of the damages.

2. ATTACHMENT ⬤137—BOND—INCREASE—MOTION.

Defendant's motion papers for increase of security given by plaintiff, on obtaining attachment, show no facts indicating that the property has or will sustain damages while in sheriff's hands; they merely alleging on information and belief its value, and that it is liable to depreciation in his hands, but giving no information as to its nature and character.

Action by Webster E. Griffith against the Alois Aufrichtig Copper & Sheet Iron Manufacturing Company. On motion to vacate attachment and increase security given by plaintiff on obtaining same. Motion denied.

Wm. D. Ingram, of Ogdensburg, for plaintiff.
Leo Oppenheimer, of New York City, for defendant.

RAY, District Judge. The plaintiff is a citizen of the state of New York and the defendant is a citizen of the state of Missouri. The action was brought in the state court, and removed by the defendant to the United States District Court.

At the time of bringing the action the plaintiff, on the sworn complaint and affidavits, obtained a warrant of attachment and attached certain goods of the defendant in the state of New York, alleged to be of the value of $5,000 or more. On obtaining such attachment the plaintiff gave a bond or undertaking in the sum of $250, conditioned that if the defendant recovers judgment, or if the warrant is vacated, the plaintiff will pay all costs which may be awarded to the defendant and all damages which he may sustain by reason of the attachment, not exceeding the sum of $250.

[1, 2] The defendant claims that the security is insufficient, as the property attached is liable to depreciate in value and suffer damage in the hands of the sheriff. The defendant also claims that the plaintiff's papers are insufficient, in that they fail to show wherein or how the plaintiff has sustained damage, and contain no allegations from which the damages of the plaintiff may be ascertained.

---

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The plaintiff claims that he has been damaged in the sum of upwards of $10,000 by reason of the failure of the defendant to perform contract to sell and deliver to the plaintiff on or before March 1, 1918, a vacuum condensed milk pan which plaintiff agreed to purchase and for which he agreed to pay some sum, but the purchase price is not mentioned in the complaint. The complaint alleges that the plaintiff performed the contract on his part and paid to apply on the same the sum of $1,670, and was ready at all times to complete the contract on his part, but that Charles Aufrichtig, the person with whom he made the contract, failed to perform same on his part, and failed to deliver the said pan to the plaintiff March 1, 1918, or sooner, and has never delivered the same, although plaintiff frequently requested delivery. The complaint then alleges that said Charles Aufrichtig caused the defendant corporation to be organized under the laws of the state of Missouri in July, 1918, and that the defendant above named—

"has assumed the contract entered into between the plaintiff and Charles Aufrichtig, and is liable for the breach of the said contract and for the damages sustained by the plaintiff."

The plaintiff then alleges that—

"By reason of the failure of the said Charles Aufrichtig to perform the contract on his part the plaintiff has been damaged in the sum of $9,107.78, besides the sum of $1,670 paid to apply on the contract."

The complaint itself does not state how or wherein the plaintiff sustained any damage by reason of the failure to deliver the pan, except the statement as to the amount paid to apply on the purchase price of the pan.

In the affidavit on which the attachment was granted it is stated that the plaintiff was to pay for the pan the sum of $5,000, viz. $1,670 at the time of signing the contract, $1,670 on presentation of the bill of lading, and the balance 30 days after delivery, and that he did pay the sum to be paid on the signing of the contract. He also states that the said Charles Aufrichtig failed to perform, and failed to deliver the said pan, although he repeatedly called for delivery, and informed Aufrichtig that the failure to deliver had caused the plaintiff great damage financially, and that the plaintiff would hold him responsible for the damages. The assumption of the contract by the defendant is also set forth in the moving affidavit. It is also set forth in the moving affidavit that the pan has been sent to North Lawrence, N. Y., and is now in the possession of the carrier at that place, and the plaintiff states:

"That the plaintiff never ordered a pan from the Alois Aufrichtig Copper & Sheet Iron Manufacturing Company, and has never had any dealings with the said company, and the pan ordered from the said Charles Aufrichtig by the plaintiff is the only pan which plaintiff has ordered from any source which remains undelivered at this time."

As to damages sustained by the plaintiff by reason of failure to ship the pan in time, the affidavit on which the attachment was granted states:

"That by reason of the failure of the said Charles Aufrichtig to make delivery of the vacuum condensed milk pan as agreed the plaintiff has suffered

damage in the said sum of $10,177.78; that the said damage consists of the sum paid to apply on the purchase price, loss of business on account of the plaintiff being unable to commence business at the time planned, loss of patrons for the same reason, rental of a vaccuum condensed milk pan which plaintiff installed in his factory, freight on the same, expense of installing the same, expense of plaintiff and his agents in going to St. Louis, etc., making in all the amount of damage as hereinbefore stated."

There is no allegation that the plaintiff was engaged in any business, and there is no allegation that he had planned to commence business at any particular time, and we are at a loss to know what patrons he refers to. In effect it is stated that, inasmuch as the plaintiff did not receive the pan contracted for, he rented one to take its place and paid freight and expenses of installing same. I think the defendant is informed by the affidavit, not by the complaint, the nature of the damages alleged to have been sustained and which will be claimed on the trial.

The April term of this court commences April 1, 1919, at Syracuse, N. Y., and this case can be tried at that term, when it will appear whether or not the plaintiff has stated a cause of action against the defendant, and when the plaintiff can present his proofs as to damage.

I will deny the motion at this time without prejudice to a renewal of same, and with leave to renew same in case the cause is not brought on for trial at the April term. The defendant in its motion papers does not show any facts which indicate that the attached property has sustained damage or will sustain damage when in the hands of the sheriff. In fact, the court is not informed as to the nature and character of the property attached by the plaintiff. The only allegation in this regard is:

"Upon information and belief that the property so levied upon by said sheriff under said warrant of attachment exceeds in value the sum of $5,000; that said property is liable to depreciation in the hands of said sheriff."

There will be an order accordingly